IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| JOHAN A. RAMIREZ-IBANEZ, #23370-078 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:17cv551 |
| | § | CRIMINAL ACTION NO. 4:13cr288(1) |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is *pro se* Movant Johan Andres Ramirez-Ibanez's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. After careful consideration and for the reasons stated below, the Court will deny the motion.

## I.  BACKGROUND

On July 19, 2016, the Court sentenced Movant to 135 months' imprisonment after Movant pled guilty pursuant to a binding Rule 11( c) (1)( C) plea agreement to conspiracy to commit international money laundering, in violation of 21 U.S.C. § 1956. Movant did not file an appeal, but filed the instant § 2255 motion on August 2, 2017, the date he states he placed it in the prison mail system. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). In his motion, Movant claims he is entitled to relief based on numerous ineffective assistance of counsel claims. The Government filed a response, asserting Movant is entitled to no relief.

## II.  STANDARD FOR SECTION 2255 PROCEEDINGS

As a preliminary matter, it should be noted that a § 2255 motion is "fundamentally different from a direct appeal." *United States v. Drobny*, 955 F.2d 990, 994 (5th Cir. 1992). A movant in a § 2255 proceeding may not bring a broad-based attack challenging the legality of the conviction.

1

The range of claims that may be raised in a § 2255 proceeding is narrow.  A "distinction must be drawn between constitutional or jurisdictional errors on the one hand, and mere errors of law on the other."  *United States v. Pierce*, 959 F.2d 1297, 1300-01 (5th Cir. 1992).  A collateral attack is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991).

### III.  MOVANT'S GUILTY PLEA AND PROCEDURAL BAR

Movant pled guilty pursuant to an 11( c)(1)( C) written plea agreement.   Because Movant raises issues that are barred from collateral review pursuant to his guilty plea waiver, the Court first examines the record to determine whether Movant knowingly and voluntarily pled guilty.  The Fifth Circuit upholds the informed and voluntary waivers of post-conviction relief.  *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994).

In his plea agreement, Movant waived his rights to plead not guilty, to be tried by a jury, to have his guilt proved beyond a reasonable doubt, to confront and cross-examine witnesses, to call witnesses in his defense, and to not be compelled to testify against himself.  He understood the charge and the elements of the offenses, as well as the possible sentences he faced. Movant stipulated that his guilty plea was freely and voluntary given, and not the result of force, threats, or promises, other than those contained in the written plea agreement. Also included in his plea agreement was the following waiver provision:

> Except as otherwise provided in this paragraph, the Defendant waives the right to appeal the conviction, sentence, fine, order of restitution, or order of forfeiture in this case on all grounds. The Defendant further agrees not to contest the conviction, sentence, fine, order of restitution, or order of forfeiture in any post-conviction proceeding, including, but not limited to a proceeding under 28 U.S.C. § 2255.  The Defendant reserves the right to appeal the failure of the Court, after accepting this plea agreement, to impose a sentence in accordance with the terms of this agreement.

> The Defendant also reserves the right to appeal or seek collateral review of a claim of ineffective assistance of counsel.

Criminal Action No. 4:13cr88(1) (Dkt. #36).  Movant's plea agreement also stated:

> The Defendant has thoroughly reviewed all legal and factual aspects of this case with defense counsel and  is fully satisfied with defense counsel's legal representation. The Defendant has received satisfactory explanations from defense counsel concerning each paragraph of this plea agreement, each of the Defendant's rights affected thereby, and the alternatives to entering a guilty plea.  After conferring with counsel, the Defendant concedes guilt and has concluded that it is in the Defendant's best interest to enter this agreement rather than proceeding to trial.

*Id.*  Movant further stated in his plea agreement, "This plea of guilty is freely and voluntarily made and is not the result of force, threats, or promises other than those set forth in this agreement."  *Id.* A presumption of regularity is bestowed upon  such court documents and they are accorded great weight.  *United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement is accorded great evidentiary weight when determining if a guilty plea is voluntary and knowing).

At Movant's change of plea hearing, he said he understood the charges and the elements of the offenses and the minimum and maximum sentences he could receive.  Movant read the plea agreement before signing it, and understood its contents. The Court admonished Movant as to his waiver of rights and the rights he was reserving. Movant confirmed that no one had coerced him or induced him to plead guilty, and that the facts contained in the Factual Statement were true.  The Fifth Circuit has held that a defendant's testimony at the plea colloquy that no one attempted in any way to force or induce him to plead guilty carries a strong presumption of verity.  *Id.* at 31.  At the conclusion of the hearing, the Court again verified that Movant understood the terms of his agreement, that the statements contained in his Factual Basis were true and correct, and that the plea

was knowing and voluntary.   Formal declarations in open court carry a strong presumption of truth. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977).  Accordingly, the plea hearing shows that Movant's guilty plea was knowing and voluntary.  Criminal Action No. 4:13cr288 (Dkt. #139).

In his Factual Basis, Movant said that he knowingly and voluntarily affirms his guilt, and "agrees that had this matter proceeded to trial, the United States, through the testimony of witnesses and other admissible evidence, would have proven each and every essential element of the offense alleged in the Indictment beyond a reasonable doubt." Criminal Action No. 4:13cr288 (Dkt. #38). Movant stated that he "knowingly agreed and conspired with [co-conspirators] to commit the crime of money laundering in the manner alleged in the indictment." *Id.*  He admitted that he "knew the unlawful purpose of that agreement and joined in it willfully, that is, with the intent to further its unlawful purpose."  *Id.*  Movant stated that he used his "expertise, specialized training in the law, and position of trust as a licensed attorney in an effort to, and in a manner that significantly facilitated the concealment or commission of the money laundering conspiracy, as well as to solicit money laundering opportunities from criminal associates."  *Id.*  Movant acknowledged that he laundered $2.5 million during the course of the conspiracy.  *Id.*  The record in his underlying criminal case shows that Movant's plea agreement was knowing and voluntary.

In his § 2255 motion, Movant raises an independent claim wherein he challenges the validity of his guilty plea.  Specifically, he claims that his guilty plea was obtained through unspecified "threats, misinformation, false representations and promises."  (Dkt. #1).  It is well-settled that, absent countervailing equitable considerations, a § 2255 movant cannot relitigate issues raised and decided on direct appeal. *United States v. Rocha,* 109 F.3d 225, 299 (5th Cir. 1997); *Withrow v. Williams*, 507 U.S. 680 (1993).  "[I]ssues raised and disposed of in a previous appeal from an

4

original judgment of conviction are [generally] not considered in § 2255 motions." *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) (citing *United States v. Jones*, 614 F.2d 80, 82 (5th Cir. 1980)).  It is also well settled that a collateral challenge may not take the place of a direct appeal. *Shaid*, 937 F.2d at 231.  Accordingly, if Movant raised, or could have raised, constitutional or jurisdictional issues on direct appeal, he may not raise them on collateral review unless he shows either cause for his procedural default and actual prejudice resulting from the error, or demonstrates that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent.  *Id*. at 232.

Movant argues his plea was invalid because it was involuntary.  The Court has already determined that Movant's plea was knowing and voluntary.  Nonetheless, Movant could have raised this claim on direct appeal, but he failed to do so.  The Supreme Court noted:

> [T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.  Habeas review is an extraordinary remedy and will not be allowed to do service for an appeal.  Indeed, the concern with finality served by the limitation on collateral attack has special force with respect to convictions based on guilty pleas.

*Bousley v. United States*, 523 U.S. 614, 621 (1998) (internal citations and quotation marks omitted). Movant fails to show cause for his procedural default and actual prejudice resulting from the error, or that the alleged constitutional violation probably resulted in the conviction of one who is actually innocent.  *Shaid*, 937 F.2d at 231.  Therefore, the issue of the validity of Movant's guilty plea is not only without merit, but it is also procedurally barred.  *Shaid*, 937 F.2d at 232.  The Court concludes that Movant's plea was knowing and voluntary after reviewing the plea agreement, the findings of facts, the consent, and the factual basis, as well as the transcript from Movant's plea hearing. Accordingly, the plea agreement must be upheld.  *Wilkes*, 20 F.3d at  653.

In the § 2255 motion, Movant claims Counsel was deficient by failing to file pretrial motions, review evidence, and investigate his case. He also claims Counsel misrepresented that he was licensed to practice law in Texas and had an office in Texas. Movant claims the Government violated *Brady v. Maryland* by failing to disclose evidence. Movant's claims are conclusory, and he fails to provide specifics as to what Counsel should have done. A defendant who alleges a failure to investigate must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial. *Gray v. Lucas*, 677 F.2d 1086, 1093 (5th Cir. 1982). Furthermore, federal courts do not "consider a habeas petitioner's bald assertions on a critical issue in his *pro se* petition . . . mere conclusory allegations do not raise a constitutional issue in a habeas proceeding." *Smallwood v. Johnson*, 73 F.3d 1343, 1351 (5th Cir. 1996) (quoting *Ross v. Estelle*, 694 F.2d 1008, 1011-12 (5th Cir. 1983)). Conclusory claims are insufficient to entitle a habeas corpus petitioner to relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982). "Although pro se habeas petitions must be construed liberally, 'mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.'" *Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) (internal citation omitted). Movant's conclusory claims are insufficient to entitle him to relief. *Id.*

Moreover, based on Movant's knowing and voluntary guilty plea, he waived these claims. A knowing and voluntary guilty plea waives all non-jurisdictional deprivations that occurred prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bell,* 966 F.2d 914, 915 (5th Cir. 1992). Movant's guilty plea bars federal collateral review of prior constitutional errors, including any allegations of ineffective assistance of counsel, that do not affect the voluntariness of the plea. *United States v. Cavitt*, 550 F.3d 431 (5th Cir. 2008). Because Movant fails to show that

any errors from Counsel rendered his guilty plea involuntary, those claims are waived.  *Barrientos v. United States*, 668 F.2d 838, 842 (5th Cir. 1982) (a voluntary plea "waives all non-jurisdictional defects in the proceedings").

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

Movant claims he is entitled to relief based on ineffective assistance of counsel claims occurring after the entering of his guilty plea. Specifically, Movant claims Counsel was deficient for failing to file a motion to withdraw his guilty plea and for advising Movant that he had no right to withdraw his guilty plea.   A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction requires the defendant to show the performance was deficient and the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "Failure to make the required showing of either deficient performance or sufficient prejudice defeats the ineffectiveness claim." *Id*. at 700.   A movant who seeks to overturn his conviction on the grounds of ineffective assistance of counsel must prove his entitlement to relief by a preponderance of the evidence.  *James v. Cain*, 56 F.3d 662, 667 (5th Cir. 1995).   The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Strickland*, 466 U.S. at 690. The right to counsel does not require errorless counsel; instead, a criminal defendant is entitled to reasonably effective assistance.  *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

A movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.   A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S.

at 694.  Movant must "affirmatively prove," not just allege, prejudice. *Id*. at 693. If he fails to prove the prejudice component, a court need not address the question of counsel's performance.  *Id*. at 697.

Movant claims Counsel was ineffective for failing to file a motion to withdraw Movant's guilt plea and for wrongly advising him that he was not entitled to withdraw his plea agreement.  As in his other claims, Movant's conclusory allegations are insufficient to entitle him to relief.  *Koch*, 907 F.2d at 530.  He provides nothing more than his conclusory assertion that Counsel misled and tricked him in some way.  He provides no basis for withdrawing his plea or specifics concerning the timing and location of his alleged request to withdraw and Counsel's refusal.

Furthermore, Movant cannot meet the *Strickland* standard with these allegations.  First, it was not error for Counsel to advise Movant that he was not entitled to withdraw his plea.  Caselaw is clear that a criminal defendant "does not have an absolute right to withdraw a guilty plea."  *United States v. Harrison,* 777 F.3d 227, 234 (5th Cir. 2015). While a district court has broad discretion to allow or disallow withdrawal of a plea, a defendant must show a fair and just reason for requesting the withdrawal.  The Fifth Circuit uses the seven-factor *Carr* test for determining whether a defendant meets the "fair and just reason" standard..  *Id.*   A district court must consider whether: (1) the defendant asserted his innocence; (2) withdrawal would cause the government to suffer prejudice; (3) the defendant delayed in filing the motion; (4) withdrawal would substantially inconvenience the court; (5) close assistance of counsel was available; (6) the original plea was knowing and voluntary; and (7) withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343-44 (5th Cir. 1984).   Movant fails to apply these legal authorities and factors to his case.

8

Movant also complains that Counsel told him he would receive a twenty-year sentence if he withdrew his plea and was convicted.  The record shows Movant's sentencing exposure was a maximum of twenty years for the count to which he pled guilty.  The record also shows that Movant was indicted on five other counts of substantive money laundering.  A four-year investigation identified Movant as a member of an international money laundering organization that illicitly transferred, or attempted to transfer more than $1.3 billion worldwide.  Counsel negotiated a Rule 11(c)(1)(C) agreement under which Movant was held responsible for only $2.5 million in laundered funds.  The other five charges were dismissed.  Because of Movant's early cooperation, his acceptance of responsibility, and his extensive debriefing, Movant's offense level was set at 33, which produced a  guideline range of 135-168 months.  Counsel was successful in negotiating the dismissal of the other charges and obtaining a  sentence at the bottom of the range.  The Court notes that, had Movant withdrawn his guilty plea, the Government could have presented evidence demonstrating that most of the $1.3 billion was reasonably foreseeable to Movant, which would have likely resulted in sentencing range carrying a term of life imprisonment.

Moreover, the record shows that Movant made broad oral and written admissions before he was extradited from Columbia.  Movant detailed his involvement in the international money laundering scheme approximately one year before he was extradited and appeared before the Court. (Dkt. # 22-1).  The record shows that significant discussions and negotiations with the Government for over one year preceded Movant's guilty plea agreement.  Criminal Action No. 4:13cr288(1) (Dkt. #139 at 24).  Movant stated in his Declaration from September 17, 2014:

> Since at least 2008, I have been involved in money laundering activities involving associates in Panama, Mexico, Columbia, Canada, the United States, and elsewhere. During that time, I have been part of a loosely knit organization of international

money brokers that coordinates the movement of illicit currency throughout the world on behalf of various clients.  This money laundering organization ("MLO") consists generally of clients who own or control illicit money, and couriers who pick up and deliver the money in bulk cash or cause it to be wired transferred or conveyed by other means. . . . The source of the laundered currency is widely recognized by MLO members to be narcotics trafficking proceeds and other forms of criminal conduct.

My primary role in the MLO is to serve as an intermediary.  I also provide access to fraudulent business entities in Panama and elsewhere, such as shell and shelf corporations, for use in laundering MLO funds.  I have expertise in creating fraudulent business documents to justify money transfers.  I use my legal training, experience, and contacts, including contacts with corrupt bank officials in Panama and elsewhere, to create, acquire, and use accounts and business entities to facilitate money laundering.

*Id*.  Based on the overwhelming evidence, Movant had no legitimate basis to withdraw his guilty plea.  Movant fails to show deficient performance.

Furthermore, Movant fails to show the Court would have allowed him to withdraw his plea.  As noted above, the considerable record of Movant's guilt, along with the absence of a credible reason for wanting to withdraw, strongly suggests the Court would have denied such a motion had it been made.  At no time during the plea hearing did Movant suggest that he did not want to plead guilty.  Six months later at his sentencing hearing, he again voiced no regret or dissatisfaction with his plea.  The Fifth Circuit has held that delay in seeking to withdraw a guilty plea is a factor that will support denial of the motion.  *Carr*, 740 F.2d at 345.  Here, Movant waited approximately nineteen months from the day he pled guilty until he raised the claim in this § 2255 motion.

In sum, Movant fails to show Counsel performed deficiently or that he suffered  prejudice.  To show prejudice, he would have had to show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." *Strickland*, 466 U.S. at 694.  He failed to do so.  Movant also fails to show a substantial likelihood that he would have

been allowed to withdraw his plea. *Harrington v. Richter*, 562 U.S. 86, 112 (2011) ("The likelihood of a different result must be substantial, not just conceivable.").  For these reasons, his motion will be denied.

## V.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a proceeding under§ 2255 "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(B).  Although Movant has not yet filed a notice of appeal, the Court will nonetheless address whether Movant would be entitled to a certificate of appealability.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court.  Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003).  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the

petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case,  reasonable jurists could not debate the denial of Movant's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *See Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003) (citing *Slack*, 529 U.S. at 484).  Accordingly, the Court finds that Movant is not entitled to a certificate of appealability.

## VI.  CONCLUSION

Movant fails to show his guilty plea was invalid.  Therefore, the waiver contained in his plea agreement must be upheld, and issues raised that were not reserved for collateral review are waived. Movant also fails to show that Counsel's performance was deficient or that, but for Counsel's alleged ineffectiveness, the outcome would have been different. In conclusion, Movant fails to show he is entitled to relief.

It is accordingly **ORDERED** the motion to vacate, set aside, or correct sentence is **DENIED** and the case is **DISMISSED** with prejudice.  A certificate of appealability is **DENIED**.  All motions not previously ruled upon are **DENIED**.

**SIGNED this 5th day of October, 2020.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

12